IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. 8:20-cr-00459-DKC |
| DARRIEN LEDANTE TAYLOR | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion for Reopened Detention Hearing and Review of Detention Order ("Motion") (ECF No. 90) filed by Defendant Darrien Ledante Taylor ("Mr. Taylor"). Having considered the submissions of the parties (ECF Nos. 90, 92, 96, 97 & 98), I find that no hearing is necessary. For the reasons stated below, the Motion will be **DENIED**.

On April 4, 2025, Mr. Taylor had his initial appearance on a petition alleging a violation of his supervised release conditions. ECF No. 80. The Government moved for detention and a hearing was conducted. Considering Mr. Taylor's state charges involving possession of a firearm and possession of controlled substances, he was detained as a danger to the community. ECF No. 88. In addition, Mr. Taylor failed to meet his burden that he is not a danger to community under Rule 32.1(a)(6). ECF No. 84. The Court left open the possibility of revisiting its decision if the state reduced all charges to misdemeanors.

In his Motion, Mr. Taylor argues that the detention hearing should be reopened because his state charges were entered *nolle prosequi*. *See* ECF Nos. 90 & 92. But after Mr. Taylor's Motion was filed, a grand jury in the Circuit Court for Prince George's County returned an indictment charging him with four counts arising from the same conduct as the previously dismissed charges, including a felony charge. *See* ECF Nos. 96 & 98; *Maryland Judiciary Case Search*,

https://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=C16CR25001201&loc=65&detailLoc=ODYCRIM (last visited May 22, 2025).

> A detention hearing may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

The Court finds that Mr. Taylor has not presented new information with a material bearing on the issue of whether he is a danger to the community. Although some charges against him were dismissed in state District Court, he has now been indicted for a felony in Circuit Court. This indictment arises from the same conduct underlying the earlier charges that were previously nol prossed.

Mr. Taylor has not met the legal threshold to reopen the detention hearing. It is of no moment what Mr. Taylor knew or didn't know about his state charges at the time of the detention hearing because he has now been indicted in the Circuit Court. Because there is no new information that has a material bearing on the issue of whether conditions of release may be established under § 3142, the Motion is **DENIED**. In fact, the new information that has come to light from the briefing on Mr. Taylor's Motion grants support for his continued detention.

Date: May 22, 2025

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge